**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-00755-NYW

M.A.,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
ROBERT HAGAN, in his official capacity,
KRISTI NOEM, in her official capacity,
TODD LYONS, in his official capacity, and
PAMELA BONDI, in her official capacity,

      Respondents.

_____

# ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus (the "Petition"), [Doc. 1], and the Ex Parte Motion for Temporary Restraining Order and/or Preliminary Injunction (the "Motion" or "Motion for Temporary Restraining Order"), [Doc. 2].

Petitioner M.A. ("Petitioner") is an Iranian citizen who has been detained in ICE custody since June 2024. [Doc. 1 at ¶¶ 2–4]. On February 26, 2025, an immigration judge granted Petitioner withholding of removal, and the Department of Homeland Security waived appeal, rendering the order final. [*Id.* at ¶ 3]. Despite this, Petitioner remains in ICE custody. [*Id.* at ¶ 4]. Petitioner argues that his continued detention violates 8 U.S.C. § 1231(a)(6), the Fifth Amendment Due Process Clause, and the Administrative Procedure Act. [*Id.* at ¶¶ 83–106].

In the Motion for Temporary Restraining Order, Petitioner seeks a Court order directing that he be immediately released from ICE custody. [Doc. 2 at 21]. In the alternative, he requests an order enjoining Respondents "from transferring him from the District of Colorado and requiring his immediate return if a transfer has occurred." [*Id.* at 21–22].

Although the Motion for Temporary Restraining Order seeks ex parte relief, the Motion does not comply with Rule 65. Under this rule, a temporary restraining order may be issued without notice to the opposing party "only if" (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Petitioner has not complied with either requirement, and thus, the Court is unable to issue injunctive relief without notice to Respondents. Accordingly, the Motion for Temporary Restraining Order is respectfully **DENIED without prejudice**, with leave to re-file if appropriate.

However, the Court nevertheless concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so. The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the

status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, upon review of the Petition and Motion for Order, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying papers, and a copy of this Order by e-mail and by overnight mail on or before **March 2, 2026**.  Petitioner shall promptly file proof of such service on the docket by **March 4, 2026**, and counsel for Respondents shall promptly enter their notices of appearance.  Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted.  *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and

granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the response.

Accordingly, it is **ORDERED** that:

(1)     The Ex Parte Motion for Temporary Restraining Order and/or Preliminary Injunction [Order] [Doc. 2] is **DENIED without prejudice**, with leave to re-file if appropriate;

(2)     Petitioner shall **SERVE** Respondents with a copy of the Petition and other documents on or before **March 2, 2026**, and shall file proof of service on or before **March 4, 2026**;

(3)     Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted.  A reply may be filed no later than **seven days** after the response; and

(4)     Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED:  February 24, 2026                           BY THE COURT:

                                                                         Nina Y. Wang
                                                                         United States District Judge