**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00755-NYW

M.A.,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,[1]
TODD LYONS, in his official capacity, and
PAMELA BONDI, in her official capacity,

     Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner M.A. [Doc. 1].[2] Respondents filed a Response to the Petition on March 5, 2026, [Doc. 14], and Petitioner filed a Reply on March 11, 2026, [Doc. 15]. For the reasons herein, the Petition is respectfully **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Petitioner is a citizen of Iran who has been in ICE detention since June 10, 2024. [Doc. 1 at ¶ 2]. On February 26, 2025, an immigration judge granted withholding of removal upon concluding that Petitioner is likely to face religious persecution if he returns

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is automatically substituted in as a Respondent in place of Robert Hagan as the Acting Field Office Director of the Denver Field Office and Markwayne Mullin is automatically substituted in as the Secretary of the Department of Homeland Security.

[2] The Court granted M.A. leave to proceed under his initials in this case. *See* [Doc. 13].

to Iran.  [*Id.* at ¶¶ 3, 32 & n.3, 36].  The government did not appeal the immigration judge's decision.  [*Id.* at ¶ 3].  In the year since Petitioner was granted withholding of removal, Respondents have not identified a third country that will accept him.  [*Id.* at ¶ 6].  Indeed, Respondents concede that they "do not have information to present to the Court concerning their efforts to remove Petitioner to a third country that post-date July 2025." [Doc. 14 at 5].[3]

Petitioner brings the following claims:  (1) a claim asserting that his prolonged detention violates the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), and *Zadvydas v. Davis*, 533 U.S. 678 (2001); (2) a claim asserting that his prolonged detention violates his procedural due process rights; (3) a claim asserting that his prolonged detention violates his substantive due process rights; and (4) a claim asserting that his due process rights to raise a fear-based claim as to removal to a third country have been or are being violated.  [Doc. 1 at 27–31].

## LEGAL STANDARD

A court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration

---

[3] Respondents have submitted a declaration from an ICE deportation officer stating that on July 2, 2025, "ICE submitted a Form I-241 to the consulate offices for Niger, Saudi Arabia, and Costa Rica."  [Doc. 14-1 at ¶ 20].  Niger declined to accept Petitioner and neither Saudi Arabia nor Costa Rica responded to the request.  [*Id.* at ¶ 21].

detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687–88).

## ANALYSIS

### I.    Detention of Noncitizens

Generally, when a noncitizen is ordered removed from the United States, the removal "shall" occur within the next 90 days—the "removal period."    8 U.S.C. § 1231(a)(1); *Morales-Fernandez v. Immigr. & Naturalization Serv.*, 418 F.3d 1116, 1123 (10th Cir. 2005).    Detention is mandatory during the removal period, 8 U.S.C. § 1231(a)(2)(A), but once the removal period expires, the noncitizen "*may*" be detained, *id.* § 1231(a)(6) (emphasis added).    The Supreme Court has recognized that this permissive language "suggests discretion," but "does not necessarily suggest unlimited discretion."    *Zadvydas*, 533 U.S. at 697.    Indeed, "read in light of the Constitution's demands," section 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."    *Id.* at 689.    In *Zadvydas*, the Court explained that

> [a] statute permitting indefinite detention of an alien would raise a serious constitutional problem.  The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law."  Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.

*Id.* at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).  Finding "nothing in the history of these statutes that clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention," the *Zadvydas* Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

3

The Court did recognize, however, a presumptively reasonable six-month detention period. *Id.* at 701. "After this 6-month period," if the noncitizen demonstrates "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court explained that a six-month presumptive period does not mean that every noncitizen detained for six months must be released; rather, a noncitizen may remain in detention "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* But "if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be released." *Ahrach v. Baltazar*, No. 25-cv-03195-PAB, 2025 WL 3227529, at *2 (D. Colo. Nov. 19, 2025) (citing *Zadvydas*, 533 U.S. at 701).

## II.    Petitioner's Detention

Respondents do not dispute that the length of Petitioner's detention since the removal order exceeds the presumptively reasonable six-month period recognized in *Zadyvas*. *See* [Doc. 14 at 4–5 ("Petitioner's order of removal became administratively final on February 26, 2025. . . . Thus, the ninety-day removal period concluded on May 27, 2025. To date, Petitioner has been detained for approximately one year since his removal order became final.")]. Therefore, Petitioner bears the burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. This standard does not require M.A. to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable." *Id.* at 702. "Rather, []he simply must show that removal is not significantly likely in the reasonably foreseeable future." *Ahrach*, 2025 WL 3227529, at *3.

M.A. argues that there is good reason to believe that there is no significant likelihood of removal in the future because (1) he has been granted withholding of removal to Iran, his only place of citizenship; (2) in the 12 months since the immigration judge's order, Respondents have not identified any country that will accept Petitioner; and (3) Respondents have provided no concrete updates on their progress in identifying a third country for removal.  [Doc. 1 at ¶ 6].  Respondents do not contest these assertions or argue that Petitioner has not met his initial burden under *Zadvydas*.  *See* [Doc. 14]. The Court finds that M.A. has met his burden by showing "the existence of either institutional barriers to repatriation or obstacles particular to his removal."  *Dusabe v. Jones*, No. 24-cv-00464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024), *recommendation adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025).  Because M.A. has been granted withholding of removal to Iran, and because Respondents have not identified any other country that would accept him (or indicated that they have made any efforts to locate such a country since July 2025), M.A. has shown "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; s*ee also Castellano v. U.S. Dep't of Homeland Sec.*, No. 26-cv-00080-PAB, 2026 WL 472732, at *3 (D. Colo. Feb. 19, 2026) (finding that petitioner met his burden where respondents had not identified any country that would accept him and had made little progress in securing deportation); *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 705–06 (W.D. Tex. 2025) (petitioner met his burden by showing he could not be removed to El Salvador, "the only country of which he is a citizen," and the government identified no alternative country for removal).

The burden now shifts to Respondents to present sufficient evidence to show that

removal is likely. *Zadvydas*, 533 U.S. at 701. Having presented no such evidence, Respondents have not met their burden. At best, Respondents assert that "ICE is pursuing Petitioner's removal to alternative countries pursuant to 8 U.S.C. § 1231(b)." [Doc. 14-1 at ¶ 13]. This vague statement provides no meaningful information to the Court and does not demonstrate that removal is likely, especially in light of Respondents' concession that that have taken no identifiable steps to locate a third country in over eight months. *See* [Doc. 14 at 5]; *see also Balouch v. Bondi*, No. 9:25-cv-00216-MJT, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (ruling that "conclusory statements via written declarations that [the government was] taking steps to remove Petitioner to Iran" were insufficient to meet government's burden). Respondents do not, for example, "identify which countries they might contact" to effectuate removal, nor do they list "concrete steps they will take to effectuate [M.A.'s] timely removal." *Ahrach*, 2025 WL 3227529, at *5.

For these reasons, the Court finds that Respondents have not met their burden to justify Petitioner's continued detention. *See Momennia v. Bondi*, No. 25-cv-01067-J, 2025 WL 3011896, at *10 (W.D. Okla. Oct. 15, 2025) ("[M]ere intent to find a third country is too speculative to permit indefinite detention or to overcome [the petitioner's] showing."), *recommendation adopted*, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025); *Ahrach*, 2025 WL 3227529, at *5 (concluding that the respondents did not meet their burden because they did not "provide[] concrete evidence that removal is likely in the foreseeable future" and did not "commit[] to continue pursuing such removal").

While the government "has the right to enforce" Petitioner's order of removal, it "may not detain [him] for an indefinite and undetermined period of time while it tries to effect that removal when the circumstances are such that his removal is not reasonably

likely in the foreseeable future." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025). For the reasons set forth above, the Court concludes that Respondents' continued detention of Petitioner violates the Fifth Amendment and the Immigration and Nationality Act. *See Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025). The Court **ORDERS** that Petitioner be released from custody pursuant to 28 U.S.C. § 2241(c)(3) **immediately**. *See Ahrach*, 2025 WL 3227529, at *5 (granting release in similar circumstances); *Pena-Gil*, 2025 WL 3268333, at *5 (same).

### III.    Petitioner's Other Requests for Relief

In addition to immediate release from detention, Petitioner asks the Court to (1) declare that Respondents' continued detention of Petitioner violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause; (2) enjoin Respondents "from imposing additional indefinite conditions of release, such as a Global Positioning System ('GPS') monitor in violation of M.A.'s rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution"; (3) "[r]equire Respondents to provide adequate process prior to removing M.A. to any third country or a country to which removal has been deferred"; (4) "[e]njoin and restrain Respondents from re-detaining M.A. unless, bearing the burden of proof, they demonstrate by clear and convincing evidence at a pre-deprivation bond hearing, that M.A. is a flight risk or danger to the community such that his physical custody is legally justified"; and (5) award costs and fees. [Doc. 1 at 32–33].

With respect to Petitioner's request for declaratory relief related to Respondents' detention-related actions, this request is moot in light of the Court's order to release Petitioner. *Pena-Gil*, 2025 WL 3268333, at *5. To the extent Petitioner seeks attorney's

fees, this District's Local Rules require that those requests be made by separate motion. *See* D.C.COLO.LCivR 54.3. And the Court will award costs as appropriate after the filing of the joint status report discussed below.

That leaves Petitioner's requests for a Court order enjoining Respondents from imposing additional indefinite conditions of release, enjoining Respondents from re-detaining M.A. unless they show that he is a flight risk or a danger to the community, and requiring Respondents to provide adequate process to M.A. prior to any removal to a third country. [Doc. 1 at 32]. The Court recognizes that courts throughout the country have concluded that ICE's policy of removing individuals to third countries without meaningful notice and an opportunity to be heard is unlawful, and a number of courts have granted the type of relief sought by Petitioner here. *See, e.g.*, *Emara v. Bondi*, No. 26-cv-00116-KKE, 2026 WL 266067, at *5 (W.D. Wash. Feb. 2, 2026); *Hernandez v. Bondi*, No. 1:25-cv-02020-EPG-HC, 2026 WL 350829, at *8 (E.D. Cal. Feb. 9, 2026); *Al Zoubani v. Noem*, No. 26-cv-00378-BJC-KSC, 2026 WL 524053, at *3 (S.D. Cal. Feb. 25, 2026). The Court acknowledges Petitioner's concern that he will be removed to a (currently unidentified) third country without an opportunity to raise a fear-based claim against removal. However, a "petition for writ of habeas corpus is only available to challenge the fact or duration of confinement," *Basri v. Barr*, 469 F. Supp. 3d 1063, 1066 (D. Colo. 2020), so this requested relief "is outside the relief available on a petition for writ of habeas corpus," *Fadwa v. Lyons*, No. 25-cv-03660-PAB, 2025 WL 3525026, at *7 (D. Colo. Dec. 9, 2025).

As for M.A.'s request that the Court enjoin Respondents from imposing additional conditions of release, the Court observes that other courts in this District have addressed this issue when ICE imposes conditions of release, such as GPS monitoring, that were

not ordered by an immigration judge. *See, e.g.*, *Batz Barreno v. Baltasar*, --- F. Supp. 3d ----, 2026 WL 120253, at *1–3 (D. Colo. Jan. 15, 2026). But there is no *present* indication that Respondents intend to impose such additional conditions in this case. Therefore, the Court respectfully finds that M.A. has not "clearly established" that the requested injunctive relief is necessary at this time. *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *5 (D. Colo. Feb. 17, 2026) (citing *Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964) ("Injunction is a drastic remedy to be exercised with caution, and should be granted only in cases where the necessity therefore is clearly established.")).

For these reasons, the Petition is **GRANTED in part** and **DENIED in part**.

### CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part** and **DENIED in part**;[4]

(2)    Respondents **SHALL RELEASE** M.A. **no later than 48 hours after the issuance of this Order**; and

(3)    On or before **March 31, 2026**, the Parties shall file a joint status report informing the Court of the status of M.A.'s release and whether any additional proceedings in this matter are required.

DATED:  March 24, 2026                            BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[4] Because the Court has granted Petitioner the habeas relief he seeks and has explained why his other requested relief cannot be granted, the Court need not address Petitioner's other claims. *See Pena-Gil*, 2025 WL 3268333, at *4.