**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-00755-NYW

M.A.,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
NATHAN RASPER, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity, and
TODD BLANCHE, in his official capacity,[1]

Respondents.

---

# ORDER

---

This matter is before the Court on the Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act ("Motion" or "Motion for EAJA Fees") filed by Petitioner M.A. ("Petitioner" or "M.A."). [Doc. 30, filed August 6, 2026]. Respondents filed a Response, [Doc. 31], and Petitioner filed a Reply, [Doc. 32]. For the reasons herein, the Motion for EAJA Fees is respectfully **GRANTED**.

## BACKGROUND

On February 23, 2026, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition"). [Doc. 1]. Petitioner is a citizen of Iran who was detained by Immigration and Customs Enforcement ("ICE") on or about June 10, 2024. [*Id.* at ¶ 2]. On February 26, 2025, an immigration judge granted withholding of removal upon concluding that

[1] Pursuant to Fed. R. Civ. P. 25(d), Nathan Rasper and Todd Blanche are substituted in as Respondents as the current officeholders.

Petitioner is likely to face religious persecution if he returns to Iran. [*Id.* at ¶¶ 3, 32 & n.3, 36]. The government did not appeal the immigration judge's decision. [*Id.* at ¶ 3].

After Petitioner was granted withholding of removal, Respondents did not identify a third country that would accept him. [*Id.* at ¶ 6]. Indeed, in their Response to the Order to Show Cause, Respondents conceded that Petitioner had been detained for approximately one year since his removal order became final; the presumptive 90-day removal period under 8 U.S.C. § 1231(a)(1) had expired; and they "[did] not have information to present to the Court concerning their efforts to remove Petitioner to a third country that post-date July 2025." [Doc. 14 at 3–5]. This Court granted the Petition on March 24, 2026 and ordered M.A. released. [Doc. 16]. Final judgment entered on April 21, 2026. [Doc. 22]. The instant Motion for EAJA Fees followed. [Doc. 30].

**LEGAL STANDARD**

Except as otherwise specifically provided by statute, the Equal Access to Justice Act ("EAJA") authorizes the Court to award attorney's fees and expenses in civil actions brought by or against the United States or any agency or any official of the United States to a prevailing party (other than the United States), unless the Court "finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Tenth Circuit has expressly held that habeas actions challenging immigration detention constitute "civil actions" under the EAJA. *See Daley v. Ceja*, 158 F.4th 1152, 1156 (10th Cir. 2025). "Under the EAJA a party can recover attorney's fees against the United States if (1) he was the prevailing party, (2) the government's position in the case was not substantially justified, (3) the party is eligible to receive an award; and (4) the amount sought is reasonable." *Alarcon*

*v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 2085614, at *2 (D. Colo. July 17, 2026).

Respondents bear the burden of showing that their legal positions were substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id*. This Court considers the totality of the circumstances because, "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner v. Jean*, 496 U.S. 154, 161–62 (1990). Additionally, the government's prelitigation actions and litigation position "are both relevant to the inquiry and both must be reasonable in fact and law." *Al-Maleki v. Holder*, 558 F.3d 1200, 1207 (10th Cir. 2009).

## ANALYSIS

In their Response, Respondents argue that this Court should decline to or delay the award fees under the EAJA because, despite the Tenth Circuit's ruling in *Daley*, the issue as to whether EAJA fees are available in habeas cases is now before the Supreme Court. [Doc. 31 at 2 (citing *Montoya v. Liggins*, --- U.S. ----, 146 S. Ct. 2789, 2026 WL 1855057 (U.S. June 29, 2026))]. It is well-settled that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket" and may "stay proceedings pending before it . . . for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (quotations omitted). The only argument that Respondents make for denying or staying the adjudication of this Motion is that the issue of whether a prevailing petitioner in an immigration habeas case is eligible for fees under the EAJA is pending before the Supreme Court. [Doc. 31 at 2]. But as noted by Respondents, the Tenth Circuit

definitively ruled on the issue on November 3, 2025—well-before M.A. even filed his Petition. *See Daley*, 158 F.4th 1152. This Court remains bound by published Tenth Circuit decisions, like *Daley*, unless they have been overruled by the Tenth Circuit sitting en banc or superseded by a contrary Supreme Court decision. *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996). Accordingly, this Court finds no good cause to stay the adjudication of the instant Motion for EAJA Fees.

Respondents do not contest Petitioner's other arguments, including those relating to prevailing party status, substantial justification, or the reasonableness of the fee amount claimed (including the reasonable hourly rate or the number of hours claimed). [Doc. 31 at 2–3]. Because Respondents do not contest Petitioner's positions on these issues, this Court deems any challenges to these issues waived. *See Adamscheck v. Am. Fam. Mut. Ins. Co.*, 818 F.3d 576, 588 (10th Cir. 2016) (a party's failure to respond to an argument renders the issue waived). The Court further notes that Respondents bear the burden of showing that their legal positions were substantially justified, and by failing to even address the issue, they have failed to carry their burden.

Upon review of the record, including but not limited to the attorneys declarations and description of hours expended, this Court is satisfied that M.A. is the prevailing party; the requested $258.46 hourly rate is the EAJA rate adjusted to the cost of living; and the number of hours claimed is reasonable. The Court awards fees as follows:

| **Individual** | **Hours expended** | **Rate** | **Total** |
|---|---|---|---|
| Laura Lunn | 10.2 | $258.46 per hour | $2,636.29 |
| Paul A. Williams | 34.2 | $258.46 per hour | $8,839.33 |
| Michelle Aspen | 62.3 | $258.46 per hour | $16,102.06 |
| Brooke A. Churchman | 58.1 | $258.46 per hour | $15,016.53 |
| Lindsey Knapton | 26.1 | $258.46 per hour | $6,745.81 |
| | | **Total award:** | **$49,340.02** |

Accordingly, the Motion for EAJA Fees is **GRANTED** as set forth in this Order.

**CONCLUSION**

(1) Petitioner's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act [Doc. 30] is **GRANTED**; and

(2) Petitioner is **AWARDED $49,340.02** in attorney's fees pursuant to the Equal Access to Justice Act.

DATED: November 16, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge